This Stipulation is made and entered into by and between plaintiff GemCap Lending I, LLC ("GemCap" or "Plaintiff") and defendants Quarles & Brady LLP and James Gatziolis ("Quarles," "Gatziolis," or "Defendants") (collectively, "the Parties"), by and through their respective counsel, with reference to the following:

WHEREAS, the Parties anticipate that discovery in this case will include and involve the Parties' and non-parties' private, financial, proprietary, business and/or other confidential information, including but not limited to the Confidential Settlement Agreement and communications related thereto entered in the underlying action entitled *GemCap Lending I, LLC v. Crop USA Insurance Agency, Inc., et al.*, Case No. 2:13-cv-055404-SJO (the "*GemCap-Crop* Action"), documents and other discovery materials marked "Confidential" in the *GemCap-Crop* Action, as well documents in this action that the Parties, in good faith, may designate as "confidential" (the "Confidential Material");

WHEREAS, the Court finds that it is necessary and appropriate to protect the Confidential Material;

IT IS HEREBY ORDERED that the Protective Order hereinafter set forth be entered in this Action.

1. **DEFINITIONS**

    1.1 <u>Party</u>. "Party" refers to any one of the Parties to this Action.

    1.2 <u>Producing Party</u>. "Producing Party" refers to a Party to this Action, or any non-party, that produces or otherwise makes available Discovery Material as that term is defined under paragraph 1.5.

    1.3 <u>Receiving Party</u>. "Receiving Party" refers to a Party to this Action, or any other signatory to this Protective Order that receives Discovery Material.

    1.4 <u>Designating Party</u>. "Designating Party" refers to a Party to this Action, or any non-party, that asserts in accordance with the provisions of this Protective Order that any Discovery Material produced or given in this Action

Mark T. Drooks - State Bar No. 123561
  mtd@birdmarella.com
Douglas A. Fretty - State Bar No. 279829
  daf@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
  NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Quarles &
Brady, LLP and James Gatziolis

FILED
CLERK, U.S. DISTRICT COURT
MAY - 2 2016
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>QUARLES & BRADY, LLP, JAMES GATZIOLIS, and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. CV-14-07937-RSWL(Ex)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL SETTLEMENT COMMUNICATIONS**<br><br>Assigned to Hon. Ronald S.W. Lew<br><br>Crtrm.: 21 |

3265570.2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

contains or is derived from Confidential Material as that term is defined in Paragraph 1.6 herein.

  1.5 <u>Discovery Material</u>. "Discovery Material" is defined as any information, document, electronic and magnetic media, tangible thing, response to discovery, requests, deposition testimony or transcript, and any other similar materials, or portions thereof, that has been provided in response to Requests for Production, Requests for Admissions, Special or Form Interrogatories, Notices of Deposition, Subpoenas, or any other discovery device permitted under the California Code of Civil Procedure.

  1.6 <u>Confidential Material</u>. "Confidential Material" is defined as all information or material produced or disclosed in this Action which the Producing Party or Designating Party, in <u>good faith</u>, designates as containing (a) communications between or among the parties in the *GemCap-Crop* Action relating to the settlement or potential settlement of any claims in that matter, including without limitation the Confidential Settlement Agreement entered into on or about September 15, 2014, and any confidential communications related thereto; (b) documents produced in the *GemCap-Crop* Action that are designed "Confidential" or "Attorneys' Eyes Only" subject to the Protective Order entered in that matter; or (c) the Parties' and/or non-parties' private, financial, proprietary, business and/or other confidential information.

  1.7 <u>Counsel of Record</u>. "Counsel of Record" refers to Michelman & Robinson, LLP for Plaintiff, and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. for Defendants, and any other counsel who appear of record in the action for a Party.

  1.8 <u>Legal Counsel</u>. "Legal Counsel" refers to Michelman & Robinson, LLP for Plaintiff, and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. for Defendants, and any other counsel who appear of record in the action for a Party, and shall include only their respective attorneys and

support staff, including secretaries, legal assistance, paralegals and other assistants, who are employed by the law firms and to whom it is necessary to disclose the Confidential Material for the purpose of this Action.

   1.9 <u>Independent Expert(s)</u>. "Independent Expert(s)" is defined as an expert and/or independent consultant actually retained or employed to advise or to assist any Party in the preparation and/or trial of this Action, and their employees or staff members, including their clerical and secretarial assistants, who are not employees of a Party, and to whom it is necessary to disclose Confidential Material for the purpose of this Action.

## 2. COMPELLING NEED FOR MAINTAINING CONFIDENTIALITY

  Plaintiff contends, and Defendants do not dispute, that Plaintiff has a strong interest in maintaining strict confidentiality regarding Confidential Material. Plaintiff's interest in confidentiality will be substantially prejudiced if this information is made public, inasmuch as relevant documents reveal highly sensitive confidential information and give the public (including potential competitors) access to sensitive business and proprietary information.

## 3. DESIGNATION OF DISCOVERY MATERIAL

   3.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Stipulation and Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Protective Order.

   3.2 <u>Designation of Confidential Material</u>. Any Discovery Material

produced or given in this Action, including documents, written responses to interrogatories, requests for admissions, or other discovery requests, that is asserted by any Party or non-party to contain or constitute Confidential Material shall be so designated by such Party or non-party. Such designation may be made by labeling the document or other materials containing Confidential Material with the legend "CONFIDENTIAL" or other comparable notice. A party will designate as "CONFIDENTIAL" only that information in the designated document which the Party believes in good faith satisfies the definition of Confidential Material herein in Paragraph 1.6. To the extent that Discovery Material was previously produced in the matter of *GemCap-Crop* Action and was designated with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the Protective Order in that matter, the Producing Party shall produce such Confidential Material with the same legend with which it was produced in that matter.

4. **ACCESS TO CONFIDENTIAL MATERIAL**

4.1 <u>Disclosure of Confidential Material</u>. In the absence of written permission from the affected Designating Parties, or an order of the Court, Confidential Material shall be used solely for purposes of this Action, and shall not be disclosed to any person other than: (a) Parties to this Action; (b) the Parties' representatives, agents, employees, attorneys, accountants, or other persons who are directly assisting Legal Counsel in preparation for proceedings in this Action; (c) Legal Counsel for a Receiving Party; (d) Independent Experts, provided they comply with the requirements of Paragraph 4.4; (e) any individual who is a signatory to the document or is identified as its author or recipient; (f) a certified deposition reporter taking deposition testimony or a videographer recording deposition testimony involving such Confidential Material; (g) witnesses providing testimony or information as set forth in Paragraph 10.1 *infra*; (h) mediators hired by the Parties to mediate any of the claims in this Action and/or any Discovery Referee appointed by the Court in this Action; and (i) any other party as to whom the Parties

1  agree in writing.  The name, affiliation and credentials of each Independent Expert
2  who is provided access to Confidential Material, as set forth in Paragraph 4.3, must
3  be disclosed to all Parties at the final termination of this Action or pursuant to Court
4  order.
5           4.2    Permissible Uses and Disclosures.  Notwithstanding Paragraph
6  4.1, this Order has no effect upon, and shall not apply to, a Party's use of documents
7  that are lawfully possessed by that Party independent of discovery in this litigation,
8  provided such Party will continue to be bound by any pre-existing or independent
9  confidentiality agreement or provision that restricts the use of the document.
10 Nothing contained herein shall prohibit a Party, or its counsel, from disclosing a
11 document that contains Confidential Material to the person whom the document
12 identifies as an author, addressee, or recipient of such document.  Nor shall this
13 Order impose restrictions on a Party's use of information that either is in the public
14 domain at the time of disclosure, or becomes part of the public domain through no
15 fault of the Receiving Party.  Nothing contained herein shall alter any pre-existing
16 confidentiality agreement or confidentiality provision applicable to a Party or non-
17 party.
18          4.3    Independent Experts.  Each Independent Expert who is otherwise
19 permitted access to Confidential Material shall execute the Confidentiality
20 Agreement attached hereto as Appendix A.  Counsel providing such Independent
21 Expert with access to the Confidential Material shall retain originals of such
22 executed Confidentiality Agreements.
23      5.    **FILING OF CONFIDENTIAL MATERIAL**
24      All Confidential Material hereinafter filed with the Court shall be filed under
25 seal in accordance with the procedures set forth in Central District of California
26 Local Rule 79-5 and/or any other applicable rules set forth by the Court in this
27 Action.
28

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must in good faith explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 <u>Judicial Intervention</u>. In the event that counsel for a Party receiving Discovery Material in discovery designated as Confidential Material objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Discovery Material to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have twenty-one (21) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Discovery Material pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court and/or Discovery Referee as appropriate seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court and/or Discovery Referee, any and all existing designations on the Discovery

Material at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential Material" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed by a Designation Motion, then such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material. Nothing in this Protective Order shall limit a Party's right to seek monetary sanctions for pursuant to the Federal Rules of Civil Procedure for discovery disputes.

7. **COPIES OF CONFIDENTIAL MATERIAL**

Nothing herein shall restrict a qualified recipient under Paragraphs 4.1, 4.2 and 4.3 above from making working copies, abstracts, digests or analyses of Confidential Material for use solely in connection with this Action, and such working copies, abstracts, digests or analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Furthermore, nothing herein shall restrict a qualified recipient under Paragraphs 4.1, 4.2 and 4.3 above from converting or translating such Confidential Material into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

8. **INADVERTENT FAILURE TO DESIGNATE**

If a Producing Party inadvertently produces any Discovery Material without labeling or marking or otherwise designating it as Confidential Material in accordance with the provisions of this Protective Order, the Producing Party may give written notice after the inadvertent production, that the Discovery Material produced is deemed "Confidential Material" and should be treated as such in accordance with the provisions of this Protective Order. In addition, a Producing Party may give notice that Discovery Material produced in this Action prior to the entry of this Protective Order is deemed "Confidential Material" and should be

1  treated as such in accordance with the provisions of this Protective Order. After
2  giving notice that such Discovery Material is "Confidential Material," the Producing
3  Party will provide replacement copies of those materials bearing the appropriate
4  legend of "CONFIDENTIAL" or other comparable notice (at which point the
5  Receiving Party will return to the Producing Party the original unmarked
6  Confidential Material, and will exercise best efforts to destroy, or otherwise prevent
7  the use of, any copies thereof in their undesignated form). A Receiving Party must
8  treat such Discovery Material as Confidential Material commencing immediately
9  following the date such notice is received. Disclosure of such information prior to
10 the receipt of such notice to persons not authorized to receive such information shall
11 not be deemed a violation of this Protective Order. However, a Receiving Party
12 must use its best efforts to retrieve and re-designate the information in accordance
13 with the requirements for Confidential Material.

14    **9.    INADVERTENT PRODUCTION OF CONFIDENTIAL**
15         **MATERIAL**

16    Should any Confidential Material be inadvertently disclosed to any person not
17 authorized under Paragraphs 4.1, 4.2, and 4.3 of this Protective Order to receive
18 such Confidential Material, then the Party that made or is responsible for such
19 inadvertent disclosure shall immediately use its best efforts to retrieve such
20 Confidential Material, and all copies thereof, from the person or entity to whom it
21 was inadvertently disclosed or delivered, and shall make best efforts to have, in the
22 case of Independent Experts, who received the Confidential Material execute the
23 Confidentiality Agreement attached hereto as Appendix A and have the executed
24 Confidentiality Agreement promptly served on the affected Designating Parties. In
25 addition, the Party that made such inadvertent disclosure of the Confidential
26 Material, upon discovery of such inadvertent disclosure, shall immediately apprise
27 the affected Designating Parties of the fact of the inadvertent disclosure and the
28

identity of the person or entity to whom the inadvertent disclosure was made, and describe in writing the effort made to retrieve such Confidential Material.

10. **NON-EXPERT TESTIMONY**

10.1 Subject to the limitations of disclosing Confidential Material as discussed in Paragraphs 4.1 and 4.2 respectively, any witness, whether Party or non-party, may be examined or interviewed and may testify concerning any Confidential Material, including but not limited to deposition testimony and trial testimony, if that witness agrees to be bound by the terms of this Protective Order. In the event that a witness, prior to testifying, does agree to be bound by the terms of this Protective Order, the Parties will agree to meet and confer in good faith to resolve any issues as to whether an attorney may examine a witness in a deposition concerning documents that have been designated Confidential Material. If feasible, this procedure should be conducted before the date scheduled for the witness's testimony. Each Party reserves its rights to seek all appropriate relief from the Court in connection with this paragraph.

10.2 Any portion of a deposition transcript containing Confidential Material may be designated as containing such information either on the record of such deposition or within sixty (60) days of receipt of the deposition transcript.

11. **AMENDMENT**

This Protective Order may be amended by agreement of Counsel of Record for the Parties in the form of a written stipulation filed with and approved by the Court. In the event that the Parties cannot reach an agreement regarding an amendment or modification of this Protective Order, either Party may apply to the Court for an order amending this Protective Order.

12. **FURTHER DISCLOSURE**

Nothing herein shall prevent disclosure beyond the terms of this Order if each Party designating the information as Confidential Material consents in writing to such disclosure.

13. **RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, work product, relevance, or other grounds for not producing Discovery Material, and shall not be construed as waiving any right to object to the admissibility of any evidence.

14. **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

If a Party inadvertently produces Discovery Material that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that Discovery Material shall not be deemed to constitute the waiver of any applicable privileges or other protection. In such circumstances, immediately upon discovery of the inadvertent production, the Producing Party must notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from disclosure. Upon receipt of such notification, the Receiving Party shall promptly return all copies and versions of the inadvertently produced Discovery Material in its possession and arrange for the return of such Discovery Material in the possession of any individual to whom the Receiving Party provided such Discovery Material under the terms of this Protective Order. If the Receiving Party contends that the Discovery Material is not privileged or otherwise protected from disclosure, the Receiving Party shall make no use of the document or information pending a determination by the Court as to the propriety of a claim of privilege, other than to litigate the privilege issue.

15. **FINAL DISPOSITION**

15.1 Within sixty (60) days after final termination of this Action, which shall mean the entry of a final judgment not subject to appeal or petition for review by the California Supreme Court or dismissal of the action by settlement, each Party shall assemble all Confidential Material, including all copies (and reasonably accessible copies in electronic format) thereof, and shall either (i) return such Confidential Material to the Producing Party, or (ii) destroy the Confidential

1 Material upon request of the Producing Party and Designating Parties and provide
2 an appropriate certification of destruction to the Producing Party. The Legal
3 Counsel for each Party shall be entitled to retain all pleadings, motion papers, legal
4 memoranda, correspondence, and work product for archival purposes. Counsel for
5 the Parties may maintain one copy of deposition and/or hearing transcripts,
6 deposition exhibits or exhibits to any pleadings filed in this Action which contain
7 Confidential Material, and may maintain copies of such "CONFIDENTIAL"
8 documents contained as attachments to correspondence or memoranda contained in
9 attorney work files. Any filed documents shall not be destroyed or returned to the
10 extent prohibited by law. Nothing in this Paragraph is intended to or does require a
11 Party to destroy any documents in its possession prior to commencement of the
12 Action or created by it, its counsel, or its employees, agents or contractors.

13     15.2 The terms of this Protective Order shall apply to all proceedings
14 in this Action, including all appeals and proceedings upon remand, and shall survive
15 termination of the Action, subject to the rights of the Parties (1) as determined by
16 any judgment entered in the Action and (2) to seek written permission of the
17 Producing Party or order of the Court to dissolve or modify this Protective Order.
18 The court shall retain jurisdiction to enforce this Agreement in accord herewith.

19     16. **MISCELLANEOUS**

20     16.1 In the event that any person, Party, or non-party having
21 possession, custody or control of Confidential Material receives a subpoena, order
22 or other process to produce such Confidential Material, the recipient of the
23 subpoena, order or other process: (i) shall notify the Producing Party and all Parties
24 to the Action of the pendency of the subpoena, order or other process, (ii) shall
25 provide a copy of it to the Producing Party, and (iii) shall not produce the
26 Confidential Material until the Producing Party or any parties to this Action having
27 any objections has had seven (7) business days to object or take other appropriate
28

steps, after receiving notice of the subpoena, order or other process, to protect the confidentiality of the Confidential Material.

16.2  Execution and Entry of this Protective Order shall not prevent a Party from seeking such other relief upon good cause shown as may become appropriate or necessary.

16.3  When notice is required to be given pursuant to any provision of this Protective Order to any Party or non-party, such notice shall be in writing and given to Counsel of Record for the Party or non-party.

16.4  This Protective Order shall serve as an agreement between the Parties, and they shall abide by its terms pending the Court's review of this Order. If the Court does not approve this Order, then the Parties shall abide by its terms pending negotiation of an alternative agreement to be presented to the Court for approval.

17.  **IT IS SO STIPULATED:**

I, Douglas A. Fretty, hereby attest pursuant to L.R. 5-4.3.4, that all of the undersigned concur in the content of this Stipulation and have authorized its filing.

DATED: April 29, 2016

Mark T. Drooks
Douglas A. Fretty
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:  *Douglas A. Fretty*
Douglas A. Fretty
Attorneys for Defendants Quarles & Brady LLP and James Gatziolis

DATED: April 29, 2016

Peter L. Steinman
Steven S. Davis
Michelman & Robinson, LLP


By: *Steven S. Davis*
    Steven S. Davis
    Attorneys for Plaintiff GemCap Lending I, LLC

**IT IS SO ORDERED:**

DATED: May 2, 2016

The Hon. ~~Ronald S. W. Lew~~
~~Senior Judge, Central District of California~~
Charles F. Eick
United States Magistrate Judge

---

3265570.2

13

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# APPENDIX A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive and/or have received Confidential Material supplied in connection with the Proceeding CV-14-07937-RSWL(Ex). I certify that I understand that the Confidential Material is provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Material, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Material obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Material provided to me in the Proceeding in a secure manner, and that all copies of such Confidential Material are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Material will be returned to counsel who provided me with such Confidential Material.

1   I declare under penalty of perjury, under the laws of the United States of
2   America, that the foregoing is true and correct. Executed this ___ day of _____,
3   2016, at _____.
4   Dated: _____

Signature _____
Title _____
Address _____
City, State, Zip _____
Telephone Number _____

3265570.2

15

STIPULATION AND [PROPOSED] PROTECTIVE ORDER